DOROTHY GAIL COLLETT        DOCKET NO. 113 419 DIV. I

                                                          REC'D FILED WP CLERK
                                                         '19 APR 25 AM 10:37
VERSUS                         22ND JUDICIAL DISTRICT COURT

                                               PARISH OF WASHINGTON

WEYERHAEUSER COMPANY,
LOCAL SPRAYING COMPANY, LLC
and ABC INSURANCE COMPANY         STATE OF LOUISIANA

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, comes plaintiff Dorothy Gail Collet ("Ms. Collett") who respectfully represent, as follows:

1.

Made defendants herein are:

(1) **WEYERHAEUSER COMPANY** (hereinafter "Weyerhaeuser"), a foreign corporation doing business in the Parish of Washington, State of Louisiana;

(2) **LOCAL SPRAYING COMPANY, LLC** (hereinafter "spraying crew") is a Louisiana corporation licensed to do and doing business in Washington Parish; and

(3) **ABC INSURANCE COMPANY**, a foreign insurer doing business in Louisiana

which defendants are indebted in solido to the petitioner, for the following reasons.

2.

For the last twenty-three years, plaintiff Dorothy Gail Collett and her family have resided at 56276 Highway 436 in Angie, Louisiana, which is in a rural area in Washington Parish.

3.

Following an exposure to formaldehyde in the 1980's, Ms. Collett became very ill. She was evaluated and treated by physicians at the Yale Medical School Environmental Clinic, the Environmental Health Center in Dallas and numerous specialists in Louisiana. She has been diagnosed with severe immunological and autoimmune disorders that caused multiple health problems, including extreme allergies to chemical and other environmental irritants.

EXHIBIT A

REC'D FILED W/ CLERK
'19 APR 25 AM 10:37

4.

After the chemical exposure in the 1980's, plaintiff's lifestyle changed forever. In order to control the symptoms of these extreme health problems, she has been essentially homebound, living in a highly controlled environment.

5.

In order to minimize danger of chemical exposure, Ms. Collett has communicated regularly with the Louisiana Department of Transportation and Development and defendant Weyerhaeuser Company regarding those entities spraying of chemicals in proximity to her rural residence.

6.

For twenty-three years, the Louisiana Department of Transportation has taken great care to refrain from spraying within a two mile radius of the Collett household. For over eighteen years, the local Weyerhaeuser office also responded to her requests to avoid spraying within two miles of her property.

7.

On July 6, 2018, without any warning, employees and/or contractors of defendant Weyerhaeuser sprayed multiple chemicals in close proximity to Ms. Collett's residence, including directly across the road. Plaintiff's husband and a neighbor approached and spoke to the spraying crew, but they refused to stop. The spraying crew was then approached by a deputy sheriff who informed them that the Colletts were on the State of Louisiana "no spray list", but the crew again refused to stop spraying.

8.

The following day, the spraying crew returned and continued spraying close to the Colletts' house. At that point, Ms. Collett fled and did not return for six weeks, staying in a camper during that period of decontamination.

9.

The resulting chemical exposure caused multiple, devastating illnesses to Ms. Collett which continue to the present time.

REC'D FILED W/ CLERK
'19 APR 25 AM10:37

10.

The chemical exposure and subsequent injuries suffered by plaintiff Gail Collett were the result of the following acts and omissions of defendants in the following respects:

a) negligent handling and disbursal of hazardous chemicals,

b) negligently failing to consult its own records regarding the dangers of chemical exposure to plaintiff,

c) gross negligence in handling and spraying of toxic chemicals,

d) failure to warn plaintiff and/or plaintiff's family of its operational change and the likely exposure during its spraying operation,

e) violation of the state statutes and regulations of the Louisiana Department of Agriculture and Forestry;

f) failing to cease spraying after the initial contamination and warning; and

g) other acts of negligence and want of care, all of which will be shown at the trial of this matter.

11.

Regarding any negligent actions of defendant Weyerhaeuser, and/or its contractors, it is affirmatively pled that the spraying of chemicals and other toxic dispersants is an ultra-hazardous activity for which defendant Weyerhaeuser is solidarily liable with any employee and/or the spraying contractor.

12.

Defendant Weyerhaeuser further breached a long-standing oral promise to plaintiff to refrain from disbursing chemicals and other dangerous substances within a two mile radius of her house and/or to warn her before any such spraying occurred, so that she could protect herself, her property and her family from further injury.

13.

As a result of the negligence and want of care of defendant Weyerhaeuser, its employees and/or contractors, plaintiff has suffered and continues to suffer severe physical injury, mental anguish and financial loss, including the following:

a) severe aggravation of immunological and allergic health problems which were well known to defendant,

3

b) fear of severe and continuing injury, cancer and other ailments, including potential death, as a result of the chemical exposure;

c) loss of enjoyment of life,

d) displacement from her home during a period of cleaning and decontamination of the property,

e) an increase in past, present and future medical, living and rehabilitation expenses, and

f) other damages which will be shown at the trial of this matter.

14.

During the pendency of this action, there is a clear and present danger that Weyerhaeuser or its contractors will repeat its spraying activity near plaintiff's residence, either intentionally or inadvertently. The consequences of further spraying are potentially devastating to plaintiff's present and future health and could potentially lead to premature death.

15.

In view of the danger of spraying in the upcoming months, plaintiff is entitled to a preliminary injunction during the pendency of this action as well as any and all appropriate permanent injunctive relief subject to the provisions of the Louisiana Code of Civil Procedure art. 3601, et seq., in order to protect plaintiff from damage and injury, including irreparable harm.

16.

Defendant Local Spraying Company, LLC contracted with defendant Weyerhaeuser to conduct spraying operations in the area of plaintiff's residence and it is solidarily liable with Weyerhaeuser for the damages caused to plaintiff herein.

17.

Defendant ABC Insurance Company provided liability insurance covering the actions of defendants Weyerhaeuser and/or its spraying crew at all times pertinent hereto.

18.

Plaintiff is entitled to a trial by jury.

WHEREFORE, plaintiff Dorothy Gail Collett prays for judgment rendered in her favor and against defendants Weyerhaeuser, Inc., Local Spraying Company, LLC and ABC Insurance Company as follows:

1. For all damages that are reasonable in the premises;

2. For a preliminary injunction prohibiting defendant Weyerhaeuser, its employees and its contractors from spraying chemicals within a two mile radius of plaintiff's residence during the pendency of this action.

3. For a permanent injunction prohibiting defendant Weyerhaeuser its employees and its contractors from spraying chemicals within a two mile radius of plaintiff's residence, and

4. For all court costs, expert witness fees, attorney's fees and any other costs herein.

Respectfully Submitted:

LAW OFFICE OF DAVID C. FORRESTER, LLC

_____
DAVID C. FORRESTER, Bar Roll No. 5710
4981 Bluebonnet Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 928-5400
Facsimile: (225) 928-7733

PARISH OF WASHINGTON
STATE OF LOUISIANA

**VERIFICATION**

Before me, personally appeared Dorothy Gail Collett, who deposed that she is plaintiff herein; and that all of the facts alleged in the foregoing Petition for Damages and Injunctive Relief are true and correct.

_____
DOROTHY GAIL COLLETT

Sworn to and subscribed, before me, this 25th day of April, 2019.

_____
NOTARY PUBLIC



OFFICIAL SEAL
DAVID C. FORRESTER
BAR ROLL # 5710
STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE
My Commission is for Life

**PLEASE SERVE**

Weyerhaeuser Company
Through its Registered Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

STATE OF LOUISIANA
PARISH OF WASHINGTON
I HEREBY CERTIFY THAT THE WITHIN
AND FOREGOING IS A TRUE COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE
6-7-19
CLERK OF COURT
WASHINGTON PARISH

5

| | |
|---|---|
| DOROTHY GAIL COLLETT | DOCKET NO.        DIV. |
| | REC'D FILED WP CLERK |
| | '19 APR 25 AM 10:38 |
| | 22ND JUDICIAL DISTRICT COURT |
| VERSUS | |
| | PARISH OF WASHINGTON |
| WEYERHAEUSER COMPANY, | |
| LOCAL SPRAYING COMPANY, LLC | |
| and ABC INSURANCE COMPANY | STATE OF LOUISIANA |

**FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

**NOW COMES**, through undersigned counsel, comes plaintiff Dorothy Gail Collett, who propounds the following Interrogatories and Requests for Production of Documents to defendant Weyerhaeuser Company to be answered in writing, under oath, in accordance with the Louisiana Code of Civil Procedure:

**DEFINITION OF TERMS**

The term "**person**" includes any individual person, a company, partnership, proprietorship, association, corporation, joint venture, judicial legislative, executive or administrative body, or other legal or business entity, or any other group or body.

The term "**document**" or "**documents**" means any written, printed, recorded or graphic matter, photographic matter or sound reproduction, including but not limited to any letters, memoranda, telegraphs, handwritten notes, e-mails, periodicals, pamphlets, reports, records orders trust receipts, invoices, study working papers, diaries, charts, papers, graphs, indices, data sheets, data processing cads, computer records or any writing however produced or reproduced, or tape, wire, electrical sound recording or computer memory record.

The term "**identify**" when used herein in connection with the natural person, means to state full name, business title, if any, last known address and employer.

The term "**identify**" when used in connection with any business concern, means to state the name and address of the firm, partnership, association or corporation.

The term "**identify**" when used in reference to a document means to state its date, author, the type of document (e.g., a letter, memoranda, telegraph, chart,

photograph, videotape, film, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the identity its present custodians. If any such document was but is no longer in your possession or subject to your control, or is no longer in existence, state whether it is: a) missing or lost; b) has been destroyed; c) has been transferred, voluntarily or involuntarily to others; or d) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization for such disposition thereof and state the date or approximate date thereof. In lieu of such information, you may attach to your answers a copy of each document.

The term "**you**" or "**your**" means the defendant, Weyerhaeuser Company, its employees and/or contractors and all representatives or other persons acting on their behalf, including but not limited to attorneys.

The term "**and**" means "**and/or**" where applicable.

**INTERROGATORY NO. 1:**

Please provide the name, address and title of any and all supervisors of any spraying activity by you in Washington Parish in the following years:

    a)    2016

    b)    2017

    c)    2018

    d)    2019.

**INTERROGATORY NO. 2:**

Regarding Howard McClinton, please provide the following:

    a)    his title in July, 2018;

    b)    his immediate supervisor in July, 2018;

    c)    his employer's full name, address and agent for service of process in July, 2018; and

    d)    the name and address of his current employer.

**INTERROGATORY NO. 3:**

Regarding the individuals identified in answering Interrogatory No. 1, please identify each individual that was aware, prior to June, 2018, that Ms. Collett and/or her property was listed on the "no spray list" of the State of Louisiana.

**INTERROGATORY NO. 4:**

Please list the name, address, job title and telephone number of any employee, contractor, agent or other individual or corporation that was engaged, in any manner, in any spraying activity in Washington Parish on your behalf, and/or on behalf of any of your subsidiaries or contractors in 2018.

**INTERROGATORY NO. 5:**

Please identify each of the chemicals that were used in the spraying that was done by you or on your behalf in June, July and/or August 2018, in Washington Parish.

**INTERROGATORY NO. 6:**

At any time in 2018 or 2019, did Weyerhaeuser and/or its employees, agents or contractors identify and/or disclose the chemicals utilized in spraying in Washington Parish to the Louisiana Department of Agriculture and Forestry? If so, please identify and produce each of the documents utilized in said disclosure of chemicals.

**INTERROGATORY NO. 7:**

Please identify the name, address, employer and job description of any individual who was present with the spraying crew in the area of Ms. Collett's property on or about July 6, 2018 and/or July 7, 2018.

**INTERROGATORY NO. 8:**

Please identify any and all documents in your possession or available to you that have any connection or relevance to the facts presented in plaintiff's Petition for Damages and Injunctive Relief.

**INTERROGATORY NO. 9:**

Please identify any and all exhibits that you may introduce at the trial of this matter, whether you have made a decision to introduce those exhibits or not.

**INTERROGATORY NO. 10:**

Please list the name, address, telephone number, and expected testimony of any and all witnesses that you may call at the trial of this matter, whether a decision to call that witness has been made or not.

**INTERROGATORY NO. 11:**

Please list each document that is requested in this written discovery which is not produced as a result of an objection by you, so that said list of withheld documents may be reviewed in camera by the court, in the event a Motion to Compel Discovery is necessary.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please provide any and all documents that describe or refer to the title, job duties and/or job descriptions of any supervisor involved in or overseeing the spraying of chemicals in Washington Parish in 2017, 2018, and 2019.

**REQUEST FOR PRODUCTION NO. 2:**

Please provide any documents that relate in any manner to the spraying of chemicals in Washington Parish in 2017, 2018 and 2019, including but not limited to any contracts, memos, correspondence, emails, text messages or any other document, whether printed in hard copy or stored on computer or other electronic device.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide any contracts or other documents reflecting the legal relationship between you and any individuals or companies that were spraying chemicals near the Collett property in July, 2018.

**REQUEST FOR PRODUCTION NO. 4:**

Please provide any and all documents that disclose or identify the chemicals or other substances used in spraying activity on your behalf in Washington Parish in 2018.

**REQUEST FOR PRODUCTION NO. 5:**

Please provide any and all documents relating in any manner to the spraying activity in Washington Parish that were provided to and/or filed with the Louisiana Department of Agriculture and Forestry in 2017, 2018 and/or 2019.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any document referred to or identified in answering the foregoing Interrogatories herein.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all liability insurance policies which provided coverage to Weyerhaeuser Company, its employees and/or contractors in 2017, 2018 and 2019.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide any and all documents that you may introduce at trial, whether a decision has been made to introduce them or not.

These Interrogatories and Requests for Production of Documents are to be deemed continuing, so as to require supplemental answers until the time of trial.

Respectfully Submitted:

LAW OFFICE OF DAVID C. FORRESTER, LLC

_____
DAVID C. FORRESTER, Bar Roll No. 5710
4981 Bluebonnet Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 928-5400
Facsimile: (225) 928-7733

Please serve with Petition for Damages and Injunctive Relief

STATE OF LOUISIANA
PARISH OF WASHINGTON
I HEREBY CERTIFY THAT THE WITHIN
AND FOREGOING IS A TRUE COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE
6-7-19
CLERK OF COURT
WASHINGTON PARISH

## CITATION

| | | |
|---|---|---|
| DOROTHY GAIL COLLETT<br><br>Versus<br><br>WEYERHAEUSER COMPANY, ET AL |  | Case: 113419<br>Division: I<br>22nd Judicial District Court<br>Parish of Washington<br>State of Louisiana |

To:   WEYERHAEUSER COMPANY
      THRU ITS REGISTERED AGENT,
      CORPORATION SERVICE COMPANY 501 LOUISIANA AVENUE
      BATON ROUGE, LA  70802

Parish of Washington

You are hereby cited to comply with the demand contained in the Plaintiff's petition, a certified copy of which accompanied this Citation, or to file your answer thereto in writing in the office of the Clerk of said Court, in the Town of Franklinton, Louisiana, fifteen (15) days after service hereof.

Herein fail not or judgment will be rendered against you by default.

Witness the Honorable Judges of said Court, this 25TH day of APRIL, 2019.

_____
Deputy Clerk of Court for
Johnny D. Crain, Jr., Clerk of Court

Type of Pleading: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

Attorney:
FORRESTER

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service    $ _____
                                    By: _____
Mileage    $ _____                    Deputy Sheriff

Total      $ _____

[ ORIGINAL ]

## SHERIFF'S LETTER



**DOROTHY GAIL COLLETT**

Versus

**WEYERHAEUSER COMPANY, ET AL**

Case: 113419
Division: I
22nd Judicial District Court
Parish of Washington
State of Louisiana

To: SHERIFF OF EAST BATON ROUGE PARISH
P. O. BOX 3277
BATON ROUGE, LA. 70821

Parish of Washington

Dear Sheriff:

Enclosed herewith please find the enclosed documents to be served.

Please make your returns to this office along with a bill for any costs that you may have.

_____
Deputy Clerk of Court for
Johnny D. Crain, Jr., Clerk of Court

Attorney:

[ ORIGINAL ]

## Sid J. Gautreaux
### Sheriff East Baton Rouge Parish

Clerk of Court Washington Parish
P.O. Box 607

Franklinton, LA 70438

**DISTRICT COURT**
For the Parish of East Baton Rouge
5/11/2019

Case: (59) 113419       DOROTHY GAIL COLLETT vs WEYERHAEUSER COMPANY ET AL
1,580,033

| Nbr | Date | Service Type | Charges |
|---|---|---|---|
| 1 | 05/11/2019 | Citation<br>; 1 CORP SERVICES; BATON ROUGE, LA 70802 | $6.64 |
| 1 | 05/11/2019 | Mileage Charge | $3.12 |
| | | Case Total: | $9.76 |
| | | **Total:** | **$9.76** |

Please make check payable to:
Sid J. Gautreaux, Sheriff
P.O. Box 3277
Baton Rouge, LA 70821

PLEASE RETURN THIS BILL WITH CHECK



**CITATION**



DOROTHY GAIL COLLETT

Versus

WEYERHAEUSER COMPANY, ET AL

Case: 113419
Division: I
22nd Judicial District Court
Parish of Washington
State of Louisiana

To: WEYERHAEUSER COMPANY
THRU ITS REGISTERED AGENT,
CORPORATION SERVICE COMPANY 501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

Parish of Washington

You are hereby cited to comply with the demand contained in the Plaintiff's petition, a certified copy of which accompanied this Citation, or to file your answer thereto in writing in the office of the Clerk of said Court, in the Town of Franklinton, Louisiana, fifteen (15) days after service hereof.

Herein fail not or judgment will be rendered against you by default.

Witness the Honorable Judges of said Court, this 25TH day of APRIL, 2019.

_____
Deputy Clerk of Court for
Johnny D. Crain, Jr., Clerk of Court

Type of Pleading: PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

Attorney:
FORRESTER

---

**Service Information**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

CORP. SERVICES
MAY 13 2019   11 AM

Returned:
Parish of _____ this ___ by tender day of _____, 20____
        copy of this document to:
        Paula Glaser
Service  $_____            DPTY W T JONES #0052
By: _____
Mileage  $_____    Deputy Sheriff     Parish of East Baton Rouge, LA

Total    $_____

MAY 11 2019

[ FILED COPY ]