# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY GAIL COLLETT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11144**<br>**C/W 19-12252** |
| **WEYERHAEUSER COMPANY, ET AL.** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Modify Scheduling Order and to Extend Deadlines. R. Doc. 53. Defendants oppose the motion. R. Docs. 58, 59, 61. Plaintiffs filed a reply. R. Doc. 64. The Court now rules as follows.

### I. BACKGROUND

Plaintiffs Dorothy Gail Collett and Joshua Collett ("Plaintiffs") brought suit against Defendants Weyerhaeuser Company ("Weyerhaeuser"), Thornhill Forestry Service, Inc. ("Thornhill"), and Lafayette Insurance Company ("Lafayette Insurance") for damages they allegedly sustained from chemical exposure at their residence. R. Doc. 24 at 1, 3; R. Doc. 46 at 2–3. Specifically, Plaintiffs allege they were exposed to formaldehyde in the 1980s that left them with severe immunological and autoimmune disorders and other health problems, causing them to live in a highly controlled environment to control their symptoms. R. Doc. 24 at 2; R. Doc. 46 at 2–3. Because of this prior exposure and subsequent health problems, Plaintiff Dorothy Gail Collett contends she has communicated regularly with the Louisiana Department of Transportation and Development and Weyerhaeuser to have these entities avoid spraying chemicals in the vicinity of her property. R. Doc. 24 at 2. Plaintiffs aver that for 23 years, the Louisiana Department of Transportation has refrained from spraying within a two-mile radius of the Collett household, and

1

for over 18 years, the local Weyerhaeuser office also avoided spraying chemicals within two miles of her property. R. Doc. 24 at 3; R. Doc. 46 at 2. However, Plaintiffs allege that on July 6, 2018, without any warning, employees and/or contractors of Weyerhaeuser sprayed multiple chemicals in close proximity to the Collett residence. R. Doc. 24 at 3; R. Doc. 46 at 3. Plaintiffs further contend the Thornhill crew were approached to stop spraying the chemicals by various entities, but they refused to do so, and the Thornhill crew returned again the following day and continued spraying. R. Doc. 24 at 3; R. Doc. 46 at 3.

Plaintiffs allege the spraying led to chemical exposure that caused multiple, devastating illnesses to Plaintiff Dorothy Gail Collett and aggravated preexisting conditions in Plaintiff Joshua Collett that have required medical treatment. R. Doc. 24 at 3; R. Doc. 46 at 3. Plaintiffs contend Defendants' acts and omissions amount to negligence, gross negligence, and violations of state statutes and regulations. R. Doc. 24 at 4; R. Doc. 46 at 3–4. Plaintiffs assert they have suffered and continue to suffer severe physical injury, mental anguish and financial loss, including the following: (1) severe aggravation of immunological and allergic health problems; (2) fear of severe and continuing injury, cancer and other ailments, including potential death, as a result of the chemical exposure; (3) loss of enjoyment of life; (4) Plaintiff Dorothy Gail Collett's displacement from her home during a period of cleaning and decontamination of the property; (5) an increase in past, present and future medical, living and rehabilitation expenses, and (6) other damages to be proven at trial. R. Doc. 24 at 5; R. Doc. 46 at 4–5. Plaintiffs seek damages, a preliminary injunction prohibiting spraying of chemicals within a 2-mile radius of the Collett property during the pendency of this action, a permanent injunction prohibiting the spraying of chemicals within a 2-mile radius of the Collett property, and court costs, expert witness fees, attorney's fees and any other costs. R. Doc. 24 at 6–7; R. Doc. 46 at 6.

Weyerhaeuser denies the allegations and presents numerous affirmative defenses, including but not limited to the following: Plaintiffs' Petition fails to state a claim upon which relief can be granted; Plaintiffs' claims are barred by the applicable prescriptive periods or, alternatively, by the doctrine of laches; any injuries or damages to Plaintiffs were caused or contributed by independent, intervening or superseding acts or omissions of others for whose acts Weyerhaeuser has no liability; any injuries or damages to Plaintiffs were caused, solely or in part, by Plaintiffs' own negligence or contributory negligence; Plaintiffs failed to exhaust administrative remedies; Plaintiffs' claims are barred by the doctrine of waiver and estoppel; and Plaintiffs failed to mitigate damages. R. Docs. 30, 49. Thornhill also denies the allegations and presents numerous affirmative defenses, including but not limited to the following: Plaintiffs' claims are prescribed and/or time barred; Plaintiffs' damages are the result of pre-existing conditions and/or causes unrelated to the incident(s) related to this litigation; Thornhill was not negligent and/or did not breach any duty owed to Plaintiffs; and the incident(s) sued upon were caused due to the fault and/or negligence of third parties. R. Doc. 19.

II. **PRESENT MOTION**

Plaintiffs have filed a Motion to Modify Scheduling Order and to Extend Deadlines. R. Doc. 53. Pursuant to the Court's scheduling order, Plaintiffs' expert reports are due by March 10, 2020, Defendants' expert reports are due by April 9, 2020, witness and exhibit lists must be filed by April 9, 2020, the deadline for discovery and trial depositions is May 11, 2020, the deadline to file pretrial motions and motions in limine regarding experts is April 28, 2020, and the submission date for pretrial motions is May 13, 2020. R. Doc. 26. Plaintiffs are now seeking to extend the preceding dates as follows: Plaintiffs' expert reports to be due by March 30, 2020, Defendants' expert reports to be due by April 29, 2020, witness and exhibit lists to be filed by April 29, 2020,

the deadline for discovery and trial depositions to be extended to May 20, 2020, the deadline to file pretrial motions and motions in limine regarding experts to be May 5, 2020, and the submission date for pretrial motions to be May 20, 2020. R. Doc. 53. Defendants oppose this motion. R. Docs. 58, 59, 61.

III.   LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). The good cause standard requires showing "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation and citation omitted). In determining whether to amend a scheduling order, a court must consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original); *Lester v. Exxon Mobil Corp.*, No. CV 14-1824, 2019 WL 4016325, at *2 (E.D. La. Aug. 26, 2019).

Plaintiffs argue an extension is warranted because the depositions for a number of Weyerhaeuser employees and state employees with the Louisiana Department of Agriculture and Forestry are currently set for February 27 and 28, 2020, which is only ten days before the deadline for Plaintiffs' expert reports. R. Doc. 53-1 at 3. Plaintiffs note that by the time the deposition transcripts are completed and provided to the experts, the experts will only have a few days to complete a report, which makes the schedule "fundamentally unfair" to Plaintiffs. R. Doc. 53-1 at

4

3. Plaintiffs thus seek an amendment to the scheduling order to cure any prejudice that may arise from the current schedule.

The Court concludes that Plaintiffs have provided "good cause" to modify the scheduling order and extend certain deadlines, as it appears that Plaintiffs have exerted ample effort to schedule the necessary inspections and depositions with the various Defendants and their employees. Plaintiffs' counsel has exchanged numerous correspondences with Defense counsel in an effort to schedule inspections and depositions. R. Docs. 58-2, 62-7, 62-8, 62-10, 62-12, 62-13. These efforts can be construed as the "diligence" required to show good cause. *See S&W Enters.*, 315 F.3d at 535. Although Defendants argue Plaintiffs themselves caused the delay by providing insufficient information, there is no evidence that this was an intentional withholding done in bad faith. Moreover, to the extent Defendants do require more information about which experts are involved and what information they are missing, Plaintiffs may cure this deficiency before the new deadlines.

The remaining factors elucidated by the Fifth Circuit to assess whether a scheduling order should be amended further weigh towards the grant of an extension. *S&W Enters.*, 315 F.3d at 536. Plaintiffs' experts will only have several days to complete their reports if the current scheduling order is maintained and the potential prejudice to Defendants in allowing the amendment is offset by the fact that the Court is likewise granting an extension for Defendants to submit their opposing expert reports.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Modify Scheduling Order and to Extend Deadlines, R. Doc. 53, is **GRANTED**. The updated deadlines are as follows:

Plaintiffs' expert report deadline – March 30, 2020;

Defendants' expert report deadline – April 29, 2020;

Deadline for discovery and trial depositions – May 20, 2020;

Deadline to file pretrial motions and motions in limine regarding experts – May 5, 2020;

Submission date for pretrial motions – May 20, 2020.

All remaining deadlines remain in effective pursuant to the Court's Scheduling Order.


New Orleans, Louisiana, this 20th day of February, 2020.

                                                ELDON E. FALLON
                                                UNITED STATES DISTRICT JUDGE