## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY GAIL COLLETT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11144** |
| | **C/W 19-12252** |
| **WEYERHAEUSER COMPANY, ET AL.** | **SECTION "L" (5)** |

## ORDER AND REASONS

Before the Court are Thornhill Forestry Service, Inc.'s Motion for Summary Judgment, R. Doc. 198, and Lafayette Insurance Co.'s Motion for Summary Judgment, R. Doc. 199. Plaintiffs oppose these motions, R. Doc. 200. Lafayette Insurance Co. filed a reply to Plaintiffs' opposition, R. Doc. 207. After considering the briefing and the applicable law, the Court now rules as follows.

### I.    BACKGROUND

Plaintiffs Dorothy Gail Collett and Joshua Collett ("Plaintiffs")[1] filed suit against Defendants Weyerhaeuser Company ("Weyerhaeuser"), Thornhill Forestry Service, Inc. ("Thornhill"), and Lafayette Insurance Company ("Lafayette") for damages they allegedly sustained from chemical exposure at their residence. R. Docs. 24 at 1, 3; 46 at 2–3.

Plaintiffs allege that their exposure to formaldehyde in the 1980s left them with severe immunological and autoimmune disorders and other health problems, forcing them to live in a highly controlled environment to control their symptoms. R. Docs. 24 at 2; 46 at 2–3. Because of

---

[1] Joshua Collett and Dorothy Gail Collett often move the Court individually, but for the sake of clarity the Court will refer to all their motions and positions as jointly-filing Plaintiffs.

this prior exposure and subsequent health problems, Dorothy Gail Collett contends she has communicated regularly with the Louisiana Department of Transportation and Development and Weyerhaeuser, a timberland company, to ensure these entities avoid spraying chemicals near her property. R. Doc. 24 at 2. Plaintiffs aver that for 23 years, the Louisiana Department of Transportation has refrained from spraying within a two-mile radius of the Collett household, and for over 18 years, the local Weyerhaeuser office avoided spraying chemicals in this radius. R. Docs. 24 at 3; 46 at 2. However, Plaintiffs allege that on July 6, 2018, Thornhill, Weyerhaeuser's contractor, sprayed multiple chemicals near the Collett residence. R. Docs. 24 at 3; 46 at 3. Plaintiffs further contend various entities asked the Thornhill crew to stop spraying the chemicals, but Thornhill refused to stop. R. Docs. 24 at 3; 46 at 3. Moreover, Plaintiffs contend the crew returned the following day and continued spraying. R. Docs. 24 at 3; 46 at 3.

Plaintiffs allege the spraying led to chemical exposure that caused multiple devastating illnesses to Dorothy Gail Collett and aggravated preexisting conditions in Joshua Collett, requiring them to seek medical treatment. R. Docs. 24 at 3; 46 at 3. Plaintiffs contend Defendants' acts and omissions amount to negligence, gross negligence, and violations of state statutes and regulations. R. Docs. 24 at 4; 46 at 3–4. Plaintiffs assert they have suffered and continue to suffer severe physical injury, mental anguish, and financial loss. R. Docs. 24 at 5; 46 at 4–5. Plaintiffs seek damages, a preliminary injunction prohibiting spraying of chemicals within a 2-mile radius of the Collett property during the pendency of this action, a permanent injunction prohibiting the spraying of chemicals within a 2-mile radius of the Collett property, and court costs, expert witness fees, attorney's fees and any other costs. R. Docs. 24 at 6–7; 46 at 6.

Weyerhaeuser denies the allegations and presents numerous affirmative defenses, including but not limited to the following: Plaintiffs' Petition fails to state a claim upon which

relief can be granted; Plaintiffs' claims are barred by the applicable prescriptive periods or, alternatively, by the doctrine of laches; any injuries or damages to Plaintiffs were caused or contributed to by independent, intervening, or superseding acts or omissions of others for whose acts Weyerhaeuser is not liable; any injuries or damages to Plaintiffs were caused, solely or in part, by Plaintiffs' own negligence or contributory negligence; Plaintiffs failed to exhaust administrative remedies; Plaintiffs' claims are barred by the doctrine of waiver and estoppel; and Plaintiffs failed to mitigate damages. R. Docs. 30; 49. Thornhill also denies the allegations and presents numerous affirmative defenses, including but not limited to the following: Plaintiffs' claims are prescribed and/or time barred; Plaintiffs' damages are the result of pre-existing conditions and/or causes unrelated to the incident(s) in this litigation; Thornhill was not negligent and/or did not breach any duty owed to Plaintiffs; and the incident(s) sued upon were caused by the fault and/or negligence of third parties. R. Doc. 19.

On January 8, 2021, the Court issued an Order and Reasons excluding both of Plaintiff's proposed medical experts, Dr. Mark James and Dr. Stephanie Cave, from testifying about causation. R. Doc. 169. The Court concluded that these doctors and their proposed testimony do not meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). *Id.* at 12. At the January 14, 2021 telephone status conference, the Court invited the parties to "revisit their previous motions for summary judgment in light of this ruling." R. Doc. 175. In response, Weyerhaeuser filed a motion for reconsideration, requesting that the Court reconsider its previous denials of Weyerhaeuser's motions for summary judgment due to manifest errors of law. R. Docs. 177; 151; 153. In view of the January 14th status conference, the Court construed Weyerhaeuser's motion as a renewed motion for summary judgment, which it granted on all claims on May 7, 2021. R. Doc. 196. The Court held that there

were no longer any genuine disputes of material fact as to Weyerhaeuser's liability under La. Civ. Code Arts. 2315 and 667. *Id.* On June 2 and 8, 2021, Thornhill and Lafayette, Thornhill's alleged liability insurer, filed motions for summary judgment on all claims against them in this case.

## II.    PENDING MOTIONS

### a.   Thornhill's Motion for Summary Judgment [R. Doc. 198]

Thornhill filed the instant motion for summary judgment, arguing that the same rationale argued by Weyerhaeuser in its Motion for Reconsideration [R. Doc. 177] applies to the claims asserted against Thornhill. R. Doc. 198 at 2. Thornhill highlights the Court's recent exclusion of Plaintiffs' medical experts Dr. Stephanie Cave and Dr. Mark James, and the Court's acknowledgment that this exclusion greatly reduced the scope of the Colletts' recoverable damages. *Id.* at 3; R. Doc. 196. Thornhill points out that La. Civ. Code Art. 667 does not apply to Thornhill since it is not the landowner and argues that the only available claim against Thornhill is emotional distress under Art. 2315. R. Doc. 198 at 3. Thornhill contends that Plaintiffs presented no evidence demonstrating the spray ever reached their property, which the Court confirmed in its latest ruling. *Id.* at 4. Further, Thornhill argues there are no disputes of material fact regarding its spraying operations, as "Thornhill was hired to do a job for Weyerhaeuser, and did that job following the instructions given." *Id.* at 4-5. Thornhill also references the Court's summary judgment in favor of Weyerhaeuser, where it found that "Plaintiffs have not shown that Ms. Collett had any physical injuries due to Arsenal AC exposure on July 6 and 7, 2018." *Id.* at 4 (citing R. Doc. 196 at 13). Accordingly, Thornhill requests summary judgment in its favor. *Id.*

### b.   Lafayette's Motion for Summary Judgment [R. Doc. 199]

Lafayette filed the instant motion for summary judgment, arguing that no genuine disputes of material fact remain as to Plaintiffs' claims against it. R. Doc. 199. Lafayette refers to its

previous motion for summary judgment, which this Court denied as premature because there was a genuine dispute regarding the existence of a duty between Thornhill and Plaintiff after the first spraying incident and whether Thornhill breached that potential duty. *Id.* at 9; R. Doc. 151. At that point in the case, the Court had not excluded the Colletts' two medical causation experts, Dr. Cave and Dr. James. R. Doc. 169. Lafayette also references the Court's recent Order and Reasons granting summary judgment in favor of Weyerhaeuser. R. Docs. 199 at 10; 196. Lafayette argues these recent rulings confirm there are problems with the elements of causation and damages in this case, so summary judgment should be granted in favor of Thornhill and Lafayette. R. Doc. 199. Additionally, Lafayette argues that Plaintiffs have failed to establish that it ever owed a duty to Plaintiffs or breached a hypothetical duty. *Id.* at 11. Lafayette contends that Thornhill far exceeded the 100-foot buffer from Plaintiffs' residence by remaining at least 150 feet away from the residence at all times. *Id.* at 12. Lafayette further argues that Plaintiffs have not presented evidence of dead vegetation or other physical effects to prove that Thornhill sprayed outside Weyerhaeuser's property and tree line. *Id.* at 11-12. Accordingly, Lafayette requests summary judgment in its favor. *Id.* at 12.

### c.   Plaintiffs' Opposition to Thornhill and Lafayette's Motions [R. Doc. 200]

Plaintiffs responded to Defendants' motions in one memorandum, arguing that genuine disputes of material fact remain regarding the size of the buffer agreed upon by Weyerhaeuser and executed by Thornhill; whether the spray reached Plaintiffs' residence; and whether Ms. Collett's mental anguish falls into the "special circumstances" required for recovery of emotional distress damages under Louisiana law. R. Doc. 200. Plaintiffs' preliminary arguments focus on the alleged duty of Thornhill to refrain from spraying near the Colletts' home and whether Thornhill breached that duty. *Id.* Plaintiffs contend the agreed-upon buffer with Weyerhaeuser was actually "100 feet

from the Weyerhaeuser boundary away from the State right of way, not 100 feet from the Collett residence," and Thornhill exceeded this boundary during the July 6 and 7, 2018 spraying incidents. *Id.* at 2-3. Plaintiffs further contend the Louisiana Department of Forestry's July 10, 2018 investigation, which concluded that there was no herbicide drift on the Colletts' property, lacks credibility. *Id.* at 10-11. Plaintiffs argue that the LDAF investigator, Dasha Bethel, lacked experience, and that Ms. Bethel did not wait long enough to examine the full potential effects of a "meristemic" herbicide. *Id.* at 10-12, 17. Plaintiffs also point to Joshua and Dorothy Collett's testimony about a "chemical smell" and argue that assuming a chemical must be strong enough to kill vegetation in order to affect a human being is erroneous. *Id.* at 18. Further, Plaintiffs claim their expert Dr. Caparotta has shown that Thornhill violated the Arsenal AC label because Thornhill sprayed in the presence of a "temperature inversion." *Id.* at 11-14. Plaintiffs also point to the testimony of their herbicide expert Dr. Mathers, who concluded there "was a strong likelihood that there was drift from the Thornhill spray units, especially on the morning of July 7, 2018." *Id.* at 18.

Plaintiffs additionally argue that Ms. Collett's mental anguish falls under the "special circumstances" required under Louisiana law for recovery of emotional distress damages absent physical injury. *Id.* at 19. Plaintiffs claim the Court "erred in failing to consider multiple reasons to find 'special circumstances' in Gail Collett's case that verify that her severe mental distress was genuine, not spurious." *Id.* at 19. Plaintiffs contend Ms. Collett made it clear to Weyerhaeuser for over fourteen years that she was a chemically sensitive individual, and Weyerhaeuser, the LDAF Registry of Pesticide Hypersensitive Individuals, and the Louisiana Department of Transportation and Development understood this to be true. *Id.* at 20-21. Plaintiffs claim that these facts, coupled with her "objective symptoms" and Dr. Caparotta and Dr. Mathers' testimony, demonstrate that

she meets the "special circumstances" exception contemplated by *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990). Further, Plaintiffs point out that Louisiana courts have allowed emotional distress damages without physical injury in cases where plaintiffs were involved in accidents. *Id.* at 22. In summary, Plaintiffs argue summary judgment is not warranted for Thornhill and Lafayette, and request that the Court rescind its ruling granting Weyerhaeuser's motion for summary judgment. *Id.* at 23.

### d.  Lafayette's Reply to Plaintiff's Opposition [R. Doc. 207]

Lafayette replied to Plaintiff's opposition, arguing that Plaintiffs lack evidence of causation and damages and that Lafayette and Thornhill are entitled to summary judgment. R. Doc. 207 at 3. Lafayette also argues that Plaintiffs have failed to name any law establishing a duty that Thornhill breached. *Id.* at 3-4. Lafayette contends that there is no evidence the chemical spray reached Plaintiffs' property and that the LDAF's finding that Thornhill followed all appropriate guidelines is credible. *Id.* at 4. Lafayette seeks summary judgment in line with the Court's grant of summary judgment for Weyerhaeuser. *Id.* at 5.

## III.   APPLICABLE LAW

### a.  *Rule 56 Motion for Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Under Federal Rule of Civil

Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322.

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

### b. *Louisiana Civil Code Article 2315*

Neither Thornhill nor Lafayette is a landowner in this case, so they are not liable under La. Civil Code Art. 667, a Louisiana vicinage obligation statute. La. Civ. Code. Art. 667. Therefore, the only remaining claim against Thornhill and Lafayette falls under Louisiana Civil Code Article 2315, Louisiana's general negligence statute. La. Civ. Code Art. 2315. To prevail in a negligence-based claim, a plaintiff must prove five elements to establish liability: "(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard

conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages." *S.J. v. Lafayette Parish Sch. Bd.*, 2009-2195 (La. 7/6/10), 41 So.3d 1119, 1125 (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01–2217, p. 6 (La. 4/3/02), 816 So.2d 270, 275–76). The inquiry into whether a duty is owed is a question of law, while the inquiry into whether a defendant has breached a duty owed is a question of fact. *Id.* (internal citation omitted). Plaintiffs claim that Ms. Collett suffered emotional distress damages pursuant to Art. 2315 due to Thornhill's spraying on July 6 and 7, 2018. Accordingly, the Court will assess whether any genuine disputes of material fact exist as to Art. 2315's essential elements: whether a duty existed, whether that duty was breached, and whether the breach resulted in damages to Plaintiffs.

### c.  *Negligent Infliction of Emotional Distress*

As noted in its most recent ruling granting summary judgment in favor of Weyerhaeuser, the Court's exclusion of Plaintiffs' two proposed medical experts greatly reduced the scope of Plaintiffs' damages in this case. Plaintiffs can no longer claim physical, personal injuries because it is well-settled that expert medical testimony is required to demonstrate causation in chemical exposure cases. *See, e.g.*, *Million v. Exxon Mobil Corp./Exxon Chem. Co.*, CV 17-00060, 2019 WL 6617400, at *2 (M.D. La. Dec. 5, 2019), *aff'd sub nom. Million v. Exxon Mobil Corp.*, 20-30002, 2020 WL 7054051 (5th Cir. Dec. 1, 2020); *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (emphasis added); *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *Talbot v. Elec. Ins. Co.*, No. CV 17-299-SDD-EWD, 2018 WL 6274314, at *2 (M.D. La. Nov. 30, 2018) (citing *Johnson v. E. I. DuPont de Nemours & Co.*, 7 So. 3d 734, 740 (La. App. 2009)). This applies to all Defendants, including Thornhill and Lafayette. Now, Plaintiffs may only assert emotional distress damages under La. Civ. Code Arts. 2315. R. Doc.

169. As discussed below, however, proving emotional distress does not necessarily require medical experts nor does it require evidence of a physical injury. Because Plaintiffs do not allege *intentional* infliction of emotional distress, the Court will decide whether any genuine factual dispute remains about Thornhill and Lafayette's alleged negligent infliction of emotional distress. R. Doc. 179.

Negligent infliction of emotional distress is not specifically recognized as an independent tort under Louisiana law. *Succession of Harvey v. Dietzen*, 97-2815 (La. App. 4 Cir. 6/24/98), 716 So. 2d 911, 916, *writ denied*, 98-2025 (La. 11/6/98), 728 So. 2d 391. "Under the general rule followed by the great majority of jurisdictions, if the defendant's conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance." Prosser & Keeton § 54 at p. 361; Restatement of Torts (2d) § 436A. In Louisiana, however, it is now well-established that plaintiff may recover for negligent infliction of emotional distress unaccompanied by physical injury in certain situations. *Covington v. Howard,* 49-135 (La. App. 2 Cir. 8/13/14), 146 So. 3d 933, 937, *writ denied*, 2014-1927 (La. 11/21/14), 160 So. 3d 973; *Vallery v. S. Baptist Hosp*., 630 So.2d 861, 866 (La. App. 4th Cir. 1993). Recovery, however, is limited to cases where "special circumstances" exist involving the "especial likelihood of real and serious mental distress." *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990); *see also Crockett v. Cardona,* 97–2346 (La. App. 4 Cir. 5/20/98), 713 So. 2d 802. Under *Moresi*, "the defendant's act [should have] created a very strong and obvious likelihood that the plaintiff would suffer genuine and severe mental distress." *Covington*, 146 So. 3d at 940. If a defendant knows that the plaintiff is particularly susceptible to emotional distress, this is a factor to be considered in the equation of the "special circumstances." *Id.* ("The special circumstances of *Moresi* require facts

that indicate either that the defendant should have known that his outrageous conduct would cause genuine and severe mental distress to a person of ordinary sensibilities, or the defendant had actual knowledge of the plaintiff's heightened susceptibility to mental distress such that his conduct would be deemed outrageous.")

To date, Louisiana courts have identified four different scenarios where recovery is allowed for emotional distress absent physical injury. *Molden v. Georgia Gulf Corp.*, 465 F. Supp. 2d 606, 614 (M.D. La. 2006). First, "a plaintiff may recover for her emotional distress stemming from a defendant's negligent actions when the distress is a result of a separate tort involving physical consequences to the plaintiff's person or property." *Edwards v. St. John Baptist Par.*, CIV. A. 09-4384, 2010 WL 3720436, at *11 (E.D. La. Sept. 9, 2010). Examples of separate torts include assault or battery, false imprisonment, trespass to land, nuisance or the invasion of the person's right to privacy, which result in physical consequences to the plaintiff or his/her property. *Molden*, 465 F. Supp. 2d at 614. Second, a plaintiff may recover for mental anguish when *intentional* infliction of emotional distress is demonstrated. *Id.* at 614-615. Third, when "the plaintiff is a direct participant in the accident causing the emotional injury, and the defendant owes a direct statutory duty to the plaintiff to refrain from the specific conduct that causes the accident, damages for the infliction of emotional distress may be awarded, even absent physical injury." *Id.* at 615. Fourth, "a bystander may recover an award for infliction of emotional distress where the bystander either views the accident or injury causing event or comes upon the accident before a substantial change." *Id.* If a plaintiff's claim does not fall into one of these four categories, the plaintiff must show that the claim is not spurious, pursuant to *Moresi*. *Id.* Doing so requires a demonstration of "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.*

11

## IV.   DISCUSSION

As stated above, Plaintiffs' only remaining claim against Thornhill and its liability insurer Lafayette is negligent infliction of emotional distress under La. Civ. Code Art. 2315. The general rule followed by most jurisdictions is that plaintiffs may not recover for emotional distress caused by negligence when the distress is unaccompanied by physical consequences. Prosser & Keeton § 54 at p. 361; Restatement of Torts (2d) § 436A. However, Louisiana courts have found four exceptions to this general rule, which are discussed in turn.

The first scenario includes damages associated with *intentional* infliction of emotional distress. Since Plaintiffs do not claim intentional infliction of emotional distress, this exception cannot apply. Second, a plaintiff may claim damages when "the plaintiff is a direct participant in the accident causing the emotional injury, and the defendant owes a direct, specific statutory duty to the plaintiff to refrain from the specific conduct that causes the accident." *Molden*, 465 F. Supp. 2d at 614. In their opposition, Plaintiffs allege that Thornhill's application of Arsenal AC on July 6 and 7, 2018 violated federal statutes. However, Plaintiffs' complaints in this case state that Defendants may be liable for "violation of the state statutes and regulations of the Louisiana Department of Agriculture and Forestry." R. Doc. 1-2 at ¶ 10; 8 at ¶ 10. Plaintiffs never substantiated this claim or specifically pleaded violation of federal statutes. R. Doc. 24. At this stage of the litigation, the Court will not venture to guess which statutes they intended to plead. Accordingly, since there is no allegation of a special statutory duty owed to Plaintiffs, this *Moresi* exception does not apply. *See Clomon v. Monroe City Sch. Bd.*, 572 So.2d 571, 578 (La. 1990) (holding that "in the narrow class of cases involving the direct, special statutory duty owed to the motorist, there is no justification for the creation of juristic limitations upon the principle of reparation underlying Civil Code Article 2315").

Third, damages may be awarded to someone who "suffers mental anguish as the result of another's physical injury," also known as the "bystander exception." *Dumas v. Angus Chem. Co.*, (La. App. 2 Cir. 1/11/99); 728 So. 2d 441, 446, *writ denied*, 99-0751 (La. 4/30/99); 741 So. 2d 19; *Molden*, 465 F. Supp. 2d at 615. Here, Plaintiffs only allege Dorothy Collett's emotional distress, not Joshua Collett's, and Ms. Collett is precluded from claiming physical injuries in this case. R. Doc. 169. Thus, the bystander exception cannot apply.

Here, the only *Moresi* exception available to Ms. Collett is the fourth exception: mental distress stemming from a separate tort involving physical consequences to person or property. Plaintiffs claim that "the Court's assumption (without proof) that concentrations of the chemical must be strong enough to kill vegetation if it is going to affect a human being, is a concentration high enough to kill plants" is a "fallacy." R. Doc. 200 at 18. However, Plaintiffs miss the point. In chemical exposure cases involving negligent infliction of emotional distress absent physical injury, a plaintiff must demonstrate more than a *fear of* exposure. *Broussard v. Olin Corp.*, 546 So. 2d 1301 (La. App. 3d Cir. 1989). For example, in *Nesom v. Tri Hawk International*, the United States Court of Appeals for the Fifth Circuit found that the plaintiff's Article 2315 claim was spurious because he failed to demonstrate that he was actually exposed to a disease-causing chemical agent. 985 F.2d 208, 210 (5th Cir. 1993). The court held that "[t]o allow someone to recover merely because he fears that he *may* have been exposed to a dangerous substance goes too far. Such circumstances do not provide a sufficient indicia of reliability." *Id.* The court further explained that "[t]he special circumstances which guarantee bona fide and genuine claims (*Moresi*) are not present when the claimant cannot prove that he has been exposed to an injurious substance." *Id.* Likewise, in *Maurer v. Heyer-Schulte Corporation*, the United States District Court for the Eastern District of Louisiana held that "[m]ere speculation concerning an event cannot provide the basis

for an award for anxiety." No. CIV. A. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002). Moreover, in *Molden*, the Middle District of Louisiana held that plaintiffs' fear of exposure to phenol following a chemical plant fire was not enough to sustain a mental anguish claim under Art. 2315. 465 F. Supp. 2d at 613. The court held that the plaintiffs "failed to introduce evidence of exposure to a harmful level of phenol or any other hazardous substance to create a material issue of fact in dispute." *Id.* Thus, Louisiana law is well-settled that there must be something more than *fear of* exposure in chemical exposure cases.

The Court now turns to whether Thornhill committed a separate and independent tort which involved physical consequences to Plaintiffs' property, causing Ms. Collett's mental anguish. Plaintiffs aver that on July 6, 2018, the Arsenal AC streams from Thornhill's skidders landed right across the street from the Colletts' home. R. Doc. 200 at 6. Plaintiffs further allege that the next day, "both Gary Collett and Joshua Collett . . . saw spray from a Thornhill skidder shoot about 8-10 feet on to the State's right of way." *Id.* Although Plaintiffs claim that Thornhill sprayed outside the Weyerhaeuser property line close to their home, they have presented no evidence to demonstrate this, such as dead vegetation or other physical effects linked to the spray of herbicide. Plaintiffs' herbicide expert Dr. Mathers opined that there was a strong likelihood of drift from Thornhill's spray units, but *Moresi* requires **physical** consequences to Plaintiffs' property. As stated above, Plaintiffs have not shown any physical effects to their property. Therefore, this exception does not apply, and Plaintiffs may not recover damages for negligent infliction of emotional distress against Thornhill and Lafayette. Accordingly, no genuine factual disputes exist as to Thornhill and Lafayette's liability under La. Civ. Code Art. 2315 and summary judgment is warranted.

**V.    CONCLUSION**

For the aforementioned reasons,

**IT IS HEREBY ORDERED** that Thornhill's Motion for Summary Judgment, R. Doc. 198, be **GRANTED.**

**IT IS FURTHER ORDERED** that Lafayette's Motion for Summary Judgment, R. Doc. 199, be **GRANTED.**

New Orleans, Louisiana, this 23rd day of June, 2021.

U.S. District Judge Eldon E. Fallon