UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOROTHY GAIL COLLETT** | * | CIVIL ACTION NO. 19-11144 |
| | | c/w NO. 19-12252 |
| **VERSUS** | * | |
| | | JUDGE ELDON E. FALLON |
| **WEYERHAEUSER COMPANY,** | * | |
| **THORNHILL FORESTRY SERVICE, INC.,** | | MAGISTRATE JUDGE |
| **AND LAFAYETTE INSURANCE COMPANY** | * | MICHAEL B. NORTH |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER & REASONS

Before the Court is a Motion to Review Costs Assessment and Plaintiffs' Indigency filed by Plaintiffs Dorothy Gail Collett and Joshua Collett. R. Doc. 234. Defendants Weyerhaeuser Company and Thornhill Forestry Service, Inc. each oppose the motion. R. Docs. 235, 236. Plaintiffs did not file replies. After a careful review of the briefing, the Clerk's prior decision, and the applicable law, the Court ordered Plaintiffs to file a supplemental brief addressing the five factors enumerated in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006). Plaintiffs filed their supplemental brief, to which Weyerhaeuser Company replied. R. Docs. 238, 239. The Court now rules as follows.

**I.   BACKGROUND & PRESENT MOTION**

The Court assumes the parties are familiar with the background of this case and will not rehash the factual history detailed by this Court in its prior orders and reasons. *E.g.*, R. Docs. 169, 196, 208. Ultimately, this Court entered judgment in favor of Defendants Weyerhaeuser Company ("Weyerhaeuser"), Thornhill Forestry Service, Inc. ("Thornhill"), and Lafayette Insurance Company and against Plaintiffs Dorothy Gail Collett and Joshua Collett on June 28, 2021. R. Doc. 209. Thereafter, Weyerhaeuser and Thornhill filed bills of costs. R. Docs. 210, 216. The Clerk entered the bills of costs taxed against Plaintiffs on March 5, 2024. R. Docs. 226, 227.

This is the second Motion to Review Costs Assessment and Plaintiffs' Indigency considered in this case, more properly categorized as a request for reconsideration. *See* R. Docs. 228, 230, 231, 232, 233. The Court referred first motion for reconsideration of the costs award to the Clerk of Court, which the Clerk denied. R. Docs. 232, 233. Now, Plaintiffs file a motion identical in nearly all respects to its original motion. *Compare* R. Doc. 228-1 (original motion) *with* R. Doc. 234-1 (second motion that merely adds an additional conclusion paragraph on page 12).

Plaintiffs' motion implicitly asserts that the Clerk erred in denying reconsideration of the Court's assessment of costs onto Plaintiffs as the losing party. *See* R. Doc. 234-1. Advancing their original arguments, Plaintiffs again request the Court consider Plaintiffs' indigence. *Id.* at 4. Specifically, Plaintiffs resubmit that they "seek relief from the Court due to their indigency and inability to pay the sizable judgments for costs sought by defendants which corporations have enormous financial resources." *Id.* at 11. Weyerhaeuser and Thornhill oppose the motion. R. Docs. 235, 236. They each contend that Plaintiffs' second motion is no more than an identical appeal of the Clerk of Court's initial rulings and that the rulings were well-reasoned and thoroughly explained in two separate twenty-five-page briefs. R. Doc. 235 at 2-3; R. Doc. 236 at 1-2. Plaintiffs did not file reply briefs.

The Court then ordered Plaintiffs to file a supplemental brief addressing the five factors that courts in the Fifth Circuit consider when justifying withholding costs from the prevailing party. R. Doc. 237. Plaintiff filed a supplemental brief, and Weyerhaeuser filed an opposition. R. Docs. 238, 239.

## II.     LAW & ARGUMENT

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] FED. R. CIV. P. 54(d)(1). This rule contains a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has described "the denial of costs as 'in the nature of a penalty.'" *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting *Schwarz*, 767 F.2d at 131). Review of the Clerk's determination is proper because Rule 54(d) provides that on motion, and within seven days of the Clerk's taxation of costs, district courts may review the Clerk's actions. FED. R. CIV. P. 54(d).

The Fifth Circuit first enumerated five factors that courts consider when deciding whether to withhold costs from the prevailing party in *Pacheco v. Mineta*. 448 F.3d 783 (5th Cir. 2006). There, the court held that district courts in the Fifth Circuit abuse their discretion when they deny costs to the prevailing party *just* on the basis of plaintiff's good faith in bringing the action. *Id.* at 795. The Circuit cited Wright & Miller's *Federal Practice and Procedure* and explained the reasons invoked by other courts in withholding costs. *Id.* These reasons include (1) the losing party's limited financial resources, (2) misconduct by the prevailing party, (3) legal issues that were close/difficult, (4) whether a substantial benefit would be conferred on the public, and (5) the prevailing party's enormous financial resources. *Id.* at 794 (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)). The Circuit specified, however, that "every case cited by Wright and Miller for this proposition denies costs

---

[1]     A list of taxable costs can be found at 28 U.S.C. § 1920.

on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above." *Id.*

Then, in *Moore v. CITGO Refining and Chemicals Company*, the Circuit found it "impermissible as a matter of law" to "reduc[e] or eliminat[e] a prevailing party's cost award based on its wealth—either relative or absolute." 735 F.3d 309, 320 (5th Cir. 2013). There, the court explained that the prevailing party "incurred a few thousand dollars per plaintiff in" costs, and the plaintiffs "were making in the neighborhood of $100,000 per year." *Id.* As a result, the Circuit held that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources.'" *Id.* It noted, however, that "[t]his conclusion regarding 'limited resources' has no bearing on whether a losing party who has demonstrated indigency may properly be excused from paying a prevailing party's costs or may properly be permitted to pay reduced costs." *Id.* at 320 n.9 (citing 10 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.101[1] [B], AT 54–157 (3D ED. 2013)). Indeed, in that case, plaintiffs' counsel conceded at oral argument that the plaintiffs were not indigent, and the district court did not make a finding of indigency. *Id.*

Later, the Fifth Circuit more directly addressed indigent plaintiffs and held that the district court did not abuse its discretion in awarding costs to a defendant-corporation despite a plaintiff's notable financial struggles. *Smith v. Chrysler Grp., LLC*, 909 F.3d 744, 753 (5th Cir. 2018). In *Smith v. Chrysler Group*, the court assumed that the plaintiffs brought the suit in good faith and that their financial condition was dire, but still found that the district court "was not required to deny Chrysler its costs because of its comparative ability to more easily bear the costs." *Id.* The Fifth Circuit noted that the district court in *Smith* carefully walked through the five factors listed in *Pacheco* and found that the plaintiff did not overcome Rule 54(d)'s presumption that Chrysler

4

was entitled to costs. *Id.* While plaintiffs had shown their financial hardship, the Circuit noted that they did not show misconduct by Chrysler, that their suit presented close questions of law, nor that their case conferred a substantial benefit to the public. *Id.* Because three of the five factors weighed in favor of awarding costs, the district court granted, and the Fifth Circuit affirmed, the costs award to Chrysler. *Id.*

Here, Plaintiffs' supplemental brief does not walk through the five factors listed in *Pacheco* and instead argues solely that Plaintiffs should not be taxed with costs because of their indigency. R. Doc. 239. Plaintiffs are correct that *Moore* is not the most analogous case to their circumstances—*Smith* seems to be the most analogous case, and there, the Fifth Circuit affirmed a district judge's finding that plaintiff did not overcome Rule 54(d)'s presumption that the defendant-corporation was entitled to costs, even with the benefit of briefing on all five *Pacheco* factors. 909 F.3d at 753. Here, the Court similarly finds that Plaintiffs have not overcome the Rule 54(b) presumption that the prevailing party is entitled to costs.

First, this case ultimately did not present a close legal question. For example, in one of this Court's Order & Reasons, R. Doc. 208, we explained that "Louisiana law is well-settled that there must be something more than *fear of* exposure in chemical exposure cases." R. Doc. 208 at 14. This Court granted summary judgment in favor of Defendants, in part, because Plaintiffs did not produce evidence sufficient to sustain their claims, thus precluding this Court from assessing whether there *was* a close question of law. *C.f. I.F. v. Lewisville Indep. Sch. Dist.*, No. 14-359, 2017 WL 11630564, at *3 (E.D. Tex. May 4, 2017) (finding close and difficult legal issues because "Title IX is a complex area of the law" and the "multifarious theories of liability led to nuanced arguments by all the parties" which "was further evidenced by the extensive dispositive motions and the differing opinions of the judges assigned to th[e] matter").

5

Second, Plaintiffs did not suggest, and this Court did not perceive, that Defendants engaged in litigation misconduct so egregious as to warrant a denial of costs. *E.g. Robinson v. Cont'l Cas. Co.*, No. 17-508, 2022 WL 17882174, at *3 (E.D. Tex. July 13, 2022) ("Examples of misconduct that could warrant a denial of costs include refusing to produce documents during discovery, violating an order to compel, and misleading the plaintiff.").

Finally, there is also no evidence that this matter would confer a substantial benefit to the public because, for example, "there [was] no evidence to support a claim that . . . spraying incidents caused any physical harm to Ms. Collett or Plaintiffs' property" and the "act of spraying herbicide to maintain a commercial forest cannot be considered excessive or abusive conduct that surrounding neighbors 'need not tolerate' under" La. Civ. Code art. 667. R. Doc. 196 at 16; *c.f. I.F.*, 2017 WL 11630564, at *3 (finding a substantial public benefit conferred when case was not the first instance where parents sued school district for similar conduct, and news coverage garnered would encourage school to be "more cognizant of its duties under Title IX and other anti-discrimination statutes"); *Frischhertz v. SmithKline Beechan Corp.*, No. 10-2125, 2013 WL 3894021, at *4 (E.D. La. July 26, 2013) (explaining that "[t]here is a substantial benefit to the public in having close cases on issues of public safety such as the present case litigated").

Overall, because "the denial of costs [i]s 'in the nature of a penalty'" and the Court cannot find a reason to penalize Defendants, even through *Pacheco*'s equitable considerations, the Court must reluctantly deny Plaintiffs' motion. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting *Schwarz*, 767 F.2d at 131). This Court, like the Clerk of Court, notes the difficult medical battles faced by Joshua and the impact of his declining health on the family business. *See* R. Doc. 233 at 5-6. The Fifth Circuit, however, clearly cautioned in *Moore* that district courts "err[] as a

matter of law in relying on [a defendant's] 'enormous wealth'—or the comparative wealth of the parties—as a basis for reducing the cost award." *Moore*, 735 F.3d at 319-20.

Unfortunately, Plaintiffs have not advanced any arguments for their entitlement to a reduction or elimination of the costs award based on any factors beyond their indigency and the relative wealth of Weyerhaeuser and Thornhill. *See generally* R. Doc. 239. As the Clerk concluded, under present Fifth Circuit law, this Court cannot deny or reduce the awarded Rule 54(d) costs based on Plaintiffs' indigency alone. R. Doc. 233 at 6 ("The undersigned . . . is firmly left with the conclusion that, while certainly compelling, the personal, financial, and medical circumstances of the plaintiffs are not factors upon which denial or reduction of Rule 54(d) costs in favor of wealthier defendants can be based under Fifth Circuit law."). Perhaps an appeal of this case will allow the Circuit to reconsider its present position and create a category of "special exceptions" for those cases in which their current rule produces such severe results. But this Court is bound by their current rule and must reluctantly deny Plaintiffs' motion.

### III.  CONCLUSION

For the aforementioned reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Review Costs Assessment and Plaintiffs' Indigency, R. Doc. 234, be **DENIED.**

New Orleans, Louisiana, this 26th day of August, 2025.

_____
THE HONORABLE ELDON E. FALLON